IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| VICTOR MACKEVIN LEARY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-22 (MTT) |
| THE GEO GROUP, INC., *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is the recommendation of United States Magistrate Judge Charles H. Weigle (Doc. 8) and Plaintiff Victor Mackevin Leary's motions to amend (Doc. 15) and to appoint counsel (Doc. 14). For the following reasons, the recommendation is **ADOPTED in part** and **REJECTED in part**, Leary's motion to amend is **GRANTED**, and Leary's motion to appoint counsel is **DENIED**.

### I. RECOMMENDATION AND LEARY'S MOTION TO AMEND

The Magistrate Judge recommends that Leary's First Amendment retaliation claim against Defendants Frederick J. Head, Ronald R. Warren, and Laura Fletcher; his Eighth Amendment claim based on administrative segregation against all Defendants; and all of his claims against Defendant The Geo Group, Inc. should be dismissed without prejudice. Doc. 8 at 1-2. Meanwhile, the Magistrate Judge recommends that Leary's Eighth Amendment conditions of confinement claim against Defendants Head, Douglas West, Warren, and Fletcher and his First Amendment retaliation claims against Defendants West and Tammy Bailey should be allowed to proceed for further factual

development. *Id.* at 2. Leary, who is proceeding pro se, did not object to the Recommendation but instead moved to amend his complaint. Doc. 15. But the statute of limitations appears to have run on all of Leary's claims that the Magistrate Judge recommends be dismissed; therefore, dismissal of those claims would be tantamount to dismissal *with prejudice*, and thus Leary should be given an opportunity to amend his claims. *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A *pro se* plaintiff, however, '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim." (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc ))). Accordingly, the Court **GRANTS** the Plaintiff's motion to amend (Doc. 15). Leary is **ORDERED** to amend within 21 days his First Amendment retaliation claim against Defendants Head, Warren, and Fletcher, his Eighth Amendment claim based on administrative segregation against all Defendants; and all of his claims against Defendant The Geo Group, Inc.—those claims that the Magistrate Judge recommends be dismissed.[1] Accordingly, to the extent it recommends dismissing Leary's claims, the Recommendation is **REJECTED**. But to the extent it recommends that Leary's Eighth Amendment conditions of confinement claim against Defendants Head, West, Warren, and Fletcher and his First Amendment retaliation claims against Defendants West and Bailey should proceed for further factual development, the Recommendation is **ADOPTED** and made the order of this Court.

---

[1] The Court notes that usually a plaintiff would be required to file a recast complaint addressing all of his claims. However, based on the circumstances, the Court finds it appropriate to order Leary to only file an amended complaint as to those claims that the Magistrate Judge recommends be dismissed.

## II. LEARY'S MOTION TO APPOINT COUNSEL

Additionally, Leary moves for the appointment of counsel. Doc. 14. "Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985); *see also Hunter v. Dept. of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988) (stating that decision to appoint counsel is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. There are no such circumstances here. Accordingly, Leary's motion to appoint counsel (Doc. 14) is **DENIED**.

## III. CONCLUSION

In summary, the Magistrate Judge's recommendation is **ADOPTED in part** and **REJECTED in part**. Leary's Eighth Amendment conditions of confinement claim against Defendants Head, West, Warren, and Fletcher and his First Amendment retaliation claims against Defendants West and Bailey are allowed to proceed for further factual development. Leary's motion to amend (Doc. 15) is **GRANTED** and Leary is **ORDERED** to amend within 21 days his First Amendment retaliation claim against Defendants Head, Warren, and Fletcher; his Eighth Amendment claim based on administrative segregation against all Defendants; and all of his claims against Defendant Geo Group. Finally, Leary's motion to appoint counsel (Doc. 14) is **DENIED**.

**SO ORDERED**, this 22nd day of January, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT