IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VICTOR MACKEVIN LEARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-CV-22 (MTT) |
| | ) | |
| THE GEO GROUP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Pursuant to the Court's Order (Doc. 24), Plaintiff Victor Mackevin Leary has filed amended allegations regarding (1) his First Amendment retaliation claims against Defendants Warden Frederick J. Head, Captain Ronald R Warren, and Major Laura Fletcher; (2) his Eighth Amendment claims related to administrative segregation; and (3) his claims against Defendant Geo Group, Inc.[1] Doc. 25. Accordingly, because Leary seeks redress form a governmental entity, official, or employee and because Leary was permitted to proceed *in forma pauperis*, the Court has conducted a screening of those amended allegations pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a). The Court has determined that Leary's First Amendment retaliation claims against Head, Warren, and Fletcher as well as his conditions of confinement claim against Geo Group should proceed for further factual development. However, Leary's Eighth Amendment claims related to administrative segregation are **DISMISSED**.

---

[1] Leary was previously ordered to file a recast complaint and did so. Docs. 6; 7. However, mindful that the statute of limitations may have on Leary's claims, the Court granted Leary an opportunity to amend after he was advised of the failings of his complaint by the Magistrate Judge's Recommendation (Doc. 8). Docs. 15; 24.

# I. 28 U.S.C. §§ 1915(e) AND 1915A(a) SCREENING

## A. Standard of Review

At the screening stage, a court must accept all of the plaintiff's factual allegations as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). Pro se pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (quotation marks omitted). But a pro se complaint must still be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks omitted). Courts may dismiss claims based on "indisputably meritless legal" theories and "whose factual contentions are clearly baseless." *Id.* (quotation marks omitted). A complaint fails to state a claim if it lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must state sufficient factual allegations "to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). Thus, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Leary alleges claims pursuant to 42 U.S.C. § 1983 and thus must allege that (1) he was deprived a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) that the act or omission was committed by someone acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). A complaint alleging claims under § 1983 is subject to dismissal if it fails to satisfy these requirements or fails to provide factual allegations in support of the claims stated therein.

**B.    First Amendment Retaliation Claims Against Defendants Head, Warren, and Fletcher**

Leary claims he was placed in administrative segregation in retaliation for speaking out about the unsanitary conditions within the prison. In his initial recast complaint, Leary failed to allege specific factual assertions as to the Defendants Head, Warren, and Fletcher to tie them to the alleged constitutional violations. Doc. 7-1 at 4-5; *see also* Doc. 8 at 10. However, now, in his amended allegations, Leary specifically states the actions of those Defendants upon which he rests his claims. Doc. 25 at 2. Leary alleges that those Defendants took part in violating his First Amendment rights in the following ways: (1) Warren "passed the paperwork [concerning administrative segregation] up to [Fletcher]"; (2) Fletcher "signed off on the unconstitutional violation"; and (3) "Head approved of the unconstitutional violation since he must authorize all paperwork." *Id.* Construed liberally, these allegations are sufficient to tie Defendants Head, Warren, and Fletcher to the alleged constitutional violation. *See Douglas v.*

action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Leary alleges claims pursuant to 42 U.S.C. § 1983 and thus must allege that (1) he was deprived a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) that the act or omission was committed by someone acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). A complaint alleging claims under § 1983 is subject to dismissal if it fails to satisfy these requirements or fails to provide factual allegations in support of the claims stated therein.

**B.    First Amendment Retaliation Claims Against Defendants Head, Warren, and Fletcher**

Leary claims he was placed in administrative segregation in retaliation for speaking out about the unsanitary conditions within the prison. In his initial recast complaint, Leary failed to allege specific factual assertions as to the Defendants Head, Warren, and Fletcher to tie them to the alleged constitutional violations. Doc. 7-1 at 4-5; *see also* Doc. 8 at 10. However, now, in his amended allegations, Leary specifically states the actions of those Defendants upon which he rests his claims. Doc. 25 at 2. Leary alleges that those Defendants took part in violating his First Amendment rights in the following ways: (1) Warren "passed the paperwork [concerning administrative segregation] up to [Fletcher]"; (2) Fletcher "signed off on the unconstitutional violation"; and (3) "Head approved of the unconstitutional violation since he must authorize all paperwork." *Id.* Construed liberally, these allegations are sufficient to tie Defendants Head, Warren, and Fletcher to the alleged constitutional violation. *See Douglas v.*

*Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008). Accordingly, the Court finds that those claims are allowed to proceed for further factual development.

C. **Eighth Amendment Claims Related to Administrative Segregation**

Next, Leary claims his placement in administrative segregation violated his Eighth Amendment rights but provided no factual allegations to support the claim in his initial recast complaint. In his amended allegations, Leary has not stated any additional allegations regarding his Eighth Amendment claims related to administrative segregation. *See* Doc. 25. Although Leary sufficiently alleges he was placed in administrative segregation in retaliation for speaking out about the unsanitary conditions, he has not alleged that his placement in administrative segregation caused wanton and unnecessary infliction of pain or exposure to unsafe conditions of confinement. *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir. 2004). As such, Leary has not stated an Eighth Amendment claim regarding his placement in administrative segregation. *See id.* Accordingly, those claims are **DISMISSED without prejudice**.

D. **Conditions of Confinement Claims Against Geo Group**

Finally, Leary alleges a conditions of confinement claim against Geo Group, the private entity that, according to Leary, "owns and operate[s] Riverbend Correctional Facility." Doc. 25 at 1. For purposes of § 1983 liability, private entities that contract to run prisons are treated as the functional equivalent of a municipality. *See Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Leary must establish that Geo Group had a "policy or custom" of deliberate indifference that led to the alleged constitutional violations. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691

(1978); *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992). "Because municipalities rarely have an official policy that endorses a constitutional violation, [Leary] must show that [Geo Group] ha[d] a custom or practice of permitting [such violations] and that [Leary's] custom or practice [was] the moving force [behind] the constitutional violation." *Craig*, 643 F.3d at 1310 (quotation marks and citations omitted) (some alterations in original). Construing Leary's allegations liberally, he states that Geo Group was not only aware of the "unsanitary environment" and acted with "deliberate indifference" to those alleged constitutional violations but that it had a policy or custom of "violating building code[s] and health code[s] . . . , causing injury to plaintiff." Doc. 25 at 2. The Court determines that these allegations pass muster under § 1915A, and, as such, Leary's conditions of confinement claims against Geo Group are allowed to proceed for further factual development.

## II. CONCLUSION

After screening Leary's amended allegations, the Court determined that his First Amendment Retaliation claims against Defendants Head, Warren, and Fletcher as well as his conditions of confinement claim against Defendant Geo Group should proceed for further factual development. However, Leary's Eighth Amendment claims related to administrative segregation are **DISMISSED without prejudice**.[2]

---

[2] It appears the statute of limitations may have run or is about to run regarding this claim. "Where a dismissal without prejudice has the effect of precooling the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). While the Court is dismissing without prejudice, a dismissal with prejudice would be appropriate in this case because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). Plaintiff was advised of the inadequacies of his allegation and granted an opportunity to amend those claims; however, he still failed to state a claim for relief. *See* Docs. 24; 25; *see also Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) (dismissal with prejudice not an abuse of discretion when court gave plaintiff one chance to amend and told him "the deficiency in the complaint and how it could be remedied"); *Brown v.*

## ORDER FOR SERVICE

It is **ORDERED** that service be made on Defendant Geo Group, Inc. and that it file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**SO ORDERED**, this 21st day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

*CBOCS, Inc.*, 2012 WL 2127752 (M.D. Fla. 2012) (finding plaintiff allowed three opportunities to state allegations sufficient to state a claim, any further amendments would be futile, dismissal with prejudice appropriate).